West courtroom panel. We have panels all over the building so it's good to get started. I'm absolutely delighted to be sitting with Judge Carolyn King who served so marvelously as our chief judge and more importantly served as chair of the Judicial Conference Executive Committee and she was the chief during Katrina so she gets special accolades for weathering that whole matter marvelously. So good to sit with you Carolyn and of course coming all the way from uptown New Orleans here's Judge Higginson who is anchoring the panel but it's a delight to sit. We've got an interesting mix of cases this week and we look forward to the oral argument. I think counsel are veterans so you know the rules so we'll call the the first case up. So number 23-10735 United States v. Thomas. Mr. Page you're a veteran of this matter. Thank you Your Honor. May it please the court. My plan today is to address the waiver and then proceed to the merits but I'll be happy to be redirected. The government's position on the waiver, Your Honors, today is that there is no statutory maximum governing the severity of the conditions of supervised release. I think that's a surprising result when we look at the care that Congress used in crafting 3583 D2 which shows significant concern with protecting defendants against the risk of punitive and over severe conditions of supervised release. But you you wanted a plea here and so you negotiated it and paragraph 12 is the waiver that you agreed to. So you got to fit the appeal into an exception. Which is the exception? The exception is in a sentence exceeding the statutory maximum. And just you have a case that says I tend to think of attacks on and yours included. Attacks on probation conditions. They sort of fit under 3583. Sometimes vagueness arguments. But it's a little hard for me to think that that's a stat max issue. Well this court's precedent if we look at Bond and we look at Cortez which provide the general definition for the term statutory maximum in the waiver context say that it is the upper limit of punishment provided for violations of a statute legislatively specified. Which is generally talking about the statute not conditions of probation. What's your case that would hold that the conditions of probation fit within the terms of the statute for purposes of exceeding a max? Two points about that. The case is United States versus Higgins. The most specific case is United States versus Higgins. United States versus Higgins it first rejects an oral written conflict and then it says in order to make sure that this challenge is not outside the scope of the waiver we need to determine that it's not above the statutory maximum and then says essentially that 3583 D is the statutory maximum for for measuring the severity of the terms of supervised release. So you're saying you're saying stat max is equivalent to unlawful? No. No your honor. I'm saying that stat max is equivalent to the most punishment that you can get for a violation for a particular crime. But conditions of probation don't they aren't like oh you get more prison time. They're trying to help the person rehabilitate. So here it's you know we need to make sure everyone knows that you've had the embezzlement problems and they're gonna know we're gonna know and we're gonna get you through this. So I don't think of this sort of adding punishment. Well whether we call it punishment or what we call it tough love assistance we can still describe it as more or less severe and we can still and a normal speaker of English would still describe a more severe condition of supervised release as subject to a maximum the same way. All you have to do is convince us it's ambiguous right? That's right that's right. Ambiguity is construed against the drafter. If the if the government wishes to avoid this problem in the future they can contract around that by saying for example the defendant waives any objection or waives any appeal of any of these standard conditions of supervised release or any and then the macros that it that that prevail in each in each district and just put that. I'll give you a place where there's a negotiated plea like here that's laid all out with a waiver with the language and then we get to appeal somebody who bargained for what they got then wants to say gotcha you know that's tough. You know a jury trial whatever nobody weighs in but I mean to come in and negotiate it you say well it could have contracted around it. We get all these appeal waivers. Well what is the point of having the waivers if we're gonna litigate that the waiver doesn't mean what it says. I think there's nothing in the record that shows ambiguity or lack of clarity when the district court was meeting this out is it? That well what what in the record the record well in fact if you look at the sentencing transcript I mean right at. Well let me ask you a more direct question. What is it precisely you're asking this panel to hold in this case? I'm asking the panel to hold that the term statutory maximum unless the plea agreement says otherwise means the upper limit of punishment specified for a violation of a crime and in the context of the severity of conditions of supervised release that that means 3583 D2 because there is no . . . That's a mouthful Mr. Page. I mean that's a mouthful. You didn't even stop with a comma or semicolon. Okay that's a mouthful and none of that was presented to the district court as an issue below when it was done right? I mean you're asking for that that manifest holding out of this case so I'm missing something in the briefing where that's dredged up to where we can't get around having to come down with that kind of holding. I mean I know it's on your wish list but I'm just saying you know. Let me say let me say it more briefly. What I'm trying to say what I'm asking the holding I'm asking for is that 3583 D2 is the statutory maximum in this context and that the merits conditions the merits arguments were presented to the district court you wouldn't expect the parties to say this is in violation of the statutory maximum you would only expect them to say to the district court this would be error or this would not be error and not to discuss with the district court what will or will not be appealed. It's sort of like the standard of review. Do you agree with this? Oh 3583 basically says it's got to be relevant and least restrictive essentially. Yes that's right and so I think it's worth pausing for a moment to consider the implications of the government's argument to this court. If the gut what the government says is correct and the court accepts it in this case then a defendant who waives appeal and there are many such defendants who for whatever reason see the need to do that can be subjected to literally any condition of supervised release at all and would have no remedy for that other than modification which the appeal of which is off the table according to United States v. Scallon or clemency and so nobody would describe the condition of supervised release we're talking about here today as barbaric or cruel or anything and nobody would describe the judge here as intemperate but think about the next defendant as well. There is no safeguard other than the statutory maximum exception in the plea agreement. Isn't the beef about the condition itself? The beef is entirely about the condition itself. Okay well lots of people appeal and say you know this is beyond the pale you bar me from using a computer you know I can't log in you know I can't get a job or you know I mean just get tons of appeals where people complain to say this is beyond the norm etc etc but it's a straight-on attack to the conditions of probation it's not framed as somehow being a grieving the statutory max. So you have a well is your rifle shot us embracing the argument you make about statutory max? Yes that that is the only way to reach the merits in in this case and it will be the only way to reach the merits in the next case where the condition of supervised release offends d3 in a much more significant way. Now I do think this one does excuse me d2 does. I see so your warning is it we often people don't know what conditions are coming up ends up in the in in the PSR precisely and there could be quite dramatic and drastic like no computers ever. The trouble here is even if we get to the merits these two are much more vanilla. I know you're gonna push against that but one of them's a standard condition. That's right it's a standard condition and it violates d2 because it is so vague as to require both the probation officer and the defendant to guess essentially at its meaning. What that what the standard condition says is that you must note that if probation tells you to notify anybody of any risk at all then you have to do what probation says. Why can't if the person is in doubt why can't they ask the probation officer whether it's permissible or not what's so onerous about that? What's onerous is that it doesn't doesn't provide any limits to the probation officer about what they what the probation officers answer is in that situation. That what the the one of the harms as United States versus Evans explains the Ninth Circuit case one of the harms about vague prohibitions is that they provide essentially unlimited discretion to the person who is enforcing the condition and so here is the word relationship and that's just because it's a future event it's not until the person gets out that whatever relationships and organizations she participates in right that isn't the key word that you'd be focusing on to say is vague is the relationship that the triggers the notification. What's the vague word? The vague word is risk and another person. I don't think relationship is in is is present in there at all. But it's a risk notification to someone that she would have a relationship with. It correct that's right if you say let's interpret the condition completely literally and say any risk any person then the problem with that is it is plainly overbroad to to say that probation can tell you to tell anybody I am a risk in in any regard whatsoever. We know there was a factual finding she got the abuse of trust enhancement right and we know the underlying crime a million-plus embezzled so the risk notification is to make sure she doesn't steal from someone else she's close to in an employment context or any other philanthropic context. So how would you write it so we could limit it to that orbit? We just don't know who she's going to affiliate with. I think that you could you could it would be a great deal clearer clearer if you said that the defendant shall disclose her criminal conviction to any employer. But that's the employment condition. That's the second one. That's right. So you're saying the first one just even though it's listed in the guidelines as a standard condition it you want to just write it off the books? Well in this wording yes. I mean yeah it is a it is a challenge to the standard condition which two courts and under a predecessor said was was unconstitutionally vague in those cases and I'm at a loss to see what the what the difference is between the current version and the amended version of those of those conditions that all the amended version does is change the word. In all these cases you know once she is released she can move to modify. She can move to modify. It runs through the same district judge and but there is no guarantee that she will not have violated the terms of her conditions of her supervised release by failing to do that while she's waiting for a modification. It's not like for instance a no alcohol prohibition or some of the sex offender treatment where she can comply until it's litigated. Once the probation officer tells her to make a disclosure she must make that disclosure or be in violation of the terms of her supervised release and if she prevails in modification she can't unring the bell. So you want to get to the last the second one? Right. So the second one the special condition of supervised release says that she cannot participate or she cannot hold without notification and approval either a fiduciary position or one in which she handles property or credit. The term anything with a fiduciary relationship is vague. It is by its terms extremely overbroad. There is no way for her to know what that is and the government's proposed limiting construction of that which is that it is only positions that have control over property or credit. It cannot be what a reasonable person would think that condition means because there is the disjunctive fiduciary or that. The term fiduciary is essentially a catch-all that can mean whatever probation decides that it ought to mean. What's wrong with just in the two years that she's under supervision she's got to tell any employer that she was convicted of a felony embezzlement? What's wrong with that? Well I don't concede that that would be within D2 but it would certainly be significantly better than the broad conditions that she's under right now. What's wrong with that as you look at Sunday and Holm both of those explain that those kinds of conditions can interfere with her employment and interfere with her ability to make restitution, her ability to achieve rehabilitation and to comply with the other conditions of supervised release that require her to have employment. Interfere just make it harder? Yes. But okay I have a curiosity. You probably know the PSR pretty well. The PSR indicated she had a job post-conviction pre-sentencing as a fraud analyst. You remember that? Mm-hmm. So that employer faced with a conviction for a million dollar embezzlement put her in a position of ferreting out fraud. Didn't seem too troubled so she got the job. Some employers will do that. She also received, that employer also received an anonymous note from somebody that said, that told her about the prior conviction. So it's going to be fraught for her either way. We would ask the the court to just remand the case to clarify and narrow the conditions. Thank you. All right, Ms. Hayworth. May it please the court, Gail Hayworth on behalf of the United States. The court should dismiss this appeal because Thomas waived her right to bring it. In her plea agreement, in exchange for the government dismissing a nine count indictment and agreeing to a sentence of less than 36 months for a crime in which she stole more than 1.4 million dollars from her employer, Thomas broadly waived her right to appeal her sentence, which includes the supervised release term and the conditions. Thomas received the benefit of her bargain, but now she seeks to deny the government the benefit of its bargain, the waiver of her appeal. Thomas argues that this appeal falls within an exception to that waiver, specifically the statutory maximum exception, in which she reserved the right to appeal a sentence exceeding the statutory maximum punishment. But she's wrong. That exception does not apply. She brings constitutional challenges to standard condition 12. I have a threshold question. I mean, you made all these arguments to our court in your motion to dismiss, and a prior panel said no. That's correct. So do we have, you didn't brief whether we can reverse opinion of our panel, of our courts. Generally, when a motion to dismiss is denied, the merits panel can consider it again when it considers the merits. But that panel didn't carry it with the case. Most of these appeal waivers, when the government asserts and there's ambiguity, the panel carries it with the case. Here they denied the government's motion to dismiss. They denied it, that's correct, but there is, the merits panel can reconsider it and can consider whether or not the waiver applies. I'm not familiar with any time our court has ever revisited an actual denial of a motion to dismiss, but maybe that exists. So you would say our panel, earlier panel, made a mistake. Why? Not necessarily that they made a mistake, but that they realized that maybe this deserved more further review. But that would be carrying it with the case. They denied the motion to dismiss. Both parties were required to fully brief the merits of this case. My motion to dismiss, why was, why did that panel make a mistake? They made a mistake because the waiver clearly applies here. That's the government's position. And do you, okay, do you agree with the opposing counsel if the phrase stat max is ambiguous, then the waiver wouldn't apply? If it's ambiguous, but it's not ambiguous. So what case do you have that applies to 3583 and says that 3583 attacks are not infringing a stat max? What's your best circuit case that actually says that? That would be Chiu, that Q-U, I'm pronouncing it Chiu, case, Scallion, Prestle, Holzer. And these are our circuits? Q, I mean, Chiu and Scallion are our circuits. Ferguson, Holzer. Okay, so those are just controlling authorities you say, they answer the question? Yes, they address the exact question before this court, which is, does a challenge to the substantive reasonableness of the supervised release condition constitute a statutory maximum challenge? And what about his vagueness constitutional attack? Do those reach that too or not? No, because they don't reach the merits of the conditions. But the circuit authority is unanimous that standard condition 12 is not vague. Many circuits have upheld it against vagueness challenges. The only circuit that has vacated it is the second, and it did so on improper delegation grounds, which this court has already held that it's not an improper delegation in Mejia. But we can get to the merits in a minute. I thought the Seventh Circuit had trouble with the predecessor version of it. That's right, the predecessor, but has not had trouble. This is because you devoted over half your brief to waiver, which means no review whatsoever, even if there's an error. So that's, to me, somewhat disturbing to begin with, but it is appellate waiver law. It's a bargain. No one can predict, but then it may turn out there's an egregious error. The government, in its discretion, could then not assert the waiver, but here you are asserting it. That's your prerogative. But here's my broad question about all these waivers. That's still just a contract between you two. It doesn't bind our court. Do you agree? I mean, think about it carefully. You've negotiated a contract. If you think by pressing the appeal they're violating the contract, the relief you would have would be to say they breached it. You go to trial. The fact that you two contract something, correct me if I'm wrong, doesn't in any way bind us. We can, in our discretion, reach the merits. Do you agree with that or not? Under this Court's precedent, no. I would disagree with that. If you're following your Court's precedent, that if it's within the waiver, you enforce the waiver. Well, we do enforce it, but what case can you say, you understand my question, independent of the courts? In fact, Rule 11 doesn't even allow the courts to be involved in your plea. You're saying the parties can negotiate and bind an appellate court? Or is it just an agreement where we can choose to dismiss, but we always have discretion to reach the merits? I would think it's the latter, but if you're confident there's a case that says it isn't, I'd like to know that case. I don't know if there's a case that has specifically addressed the issue you are talking about. It's more that the Court recognizes the importance of enforcing the bargain and how it's important for the entire process. Right, but if they're in breach of it, you can say, deals off. We're going to recharge you with all the counts. That's your remedy. It's not telling us that you two have negotiated, so we can't even look at an issue that we think is undecided or difficult. Generally, I think in like contract disputes, when courts come to, or when parties come to the court and ask you to enforce the bargain, the court enforces the bargain. We can, but you understand, well, okay. I think it's a larger conceptual issue. I think the law is very undecided out there, and I think my understanding of where our court is, is if we think there's a miscarriage that's going to happen, we can overlook the waiver. It's not our deal. The government can press it and re-indict, get the bargains off, but the government doesn't have any power to bind us not to look at an issue. I think that's where the law is, but . . . Following up on Judge Higgins' point, though, we have cases that definitely underpin wanting to embrace appeal waivers. Unless something's unconscionable or against public policy, where's the cases that we have said we're not enforcing those? Correct. Isn't that correct? That's correct. I mean, this court's analysis generally, to look at the waiver, was it knowingly and voluntarily entered, and then look at the waiver language, does it cover this appeal? If it does, then it enforces the waiver. Now, turning to the defendant's argument . . . Let me ask you another question that gnaws at me, because we get a lot of these appeal waivers. Is this sort of boilerplate language that was used here? Yes, this is standard waiver language. That's what I kind of figured, because it is annoying, which is my word. You can get these boilerplate language in there, and then when the other side protests, and somebody just put the macro in it, then we're up here struggling with something that had the government taking more time to tailor the language to the particular defendant, and as one who once toiled in your shoes, I don't embrace the notion that the government has overworked to tailor the appeal waiver other than a template, so it's foolproof that it's nailed down. I'm not talking about something like next term, but we get these boilerplate ones, and the other side says no, and then the government says, I'm from the government, this is what he's agreeing to. Yeah, that's true, but I'm unpersuaded that the government is overburdened to tailor it like we do. I mean, we don't macro it. In a particular case, particularly like this, where you got a lot of money, 1.5, these white-collar criminal ones in particular . . . I'm not making a speech, I guess I'm just . . . you don't have to answer this, but I said I'm annoyed that the government doesn't take the time to tailor the macro to fit with specific language so that the defendant is well aware what they're waiving, blah, blah, blah, and then we're not up here dancing around the pen to figure out does it cover and so forth. That's just kind of an institutional concern, if you get my point. Are you taking issue with the macro of special condition one? Is that what you're . . . Well, I mean, not so much this, but just the language, it just strikes me in an individual case, it's pretty easy to use words that at least lend themselves less to the notion of being vague, where you got a specific defendant, 1.5 million or whatever it is, it's a white-collar crime, they're getting, what, 36 months, so they're going to be on the bricks, which means that the special conditions are all going to apply for a good period of time. It may be different in a case where somebody's getting 50 years in jail. You understand what I'm saying? I guess my word is just these white-collar ones in particular, where the conditions do become . . . we get them in the, you can't be on the internet, or these other things. Not like we don't use drugs and alcohol, et cetera, but these that seem to be somewhat tailored to the specifics, because the person is going to go out and seek employment. You find what I'm saying? It just strikes me that the macro just doesn't work in every case. You may end up with us affirming it, but it doesn't mean that to me, there wasn't a better way so that the defendant does clearly know what they're barred from. That's all I'm saying. Yes. The macro doesn't work in every case, but here it fit like a glove. Okay. I mean, she abused a position of trust, a fiduciary capacity position, and she used personal financial information of others to commit the crime. So here, the macro fit her like a glove. But, I mean, opposing counsel points out the the expanse of the rule you might be asking us to announce by trying to end this case at the waiver, and it is a little like what I think Judge Stewart's questions are. What would you say if instead of these conditions, the condition of probation were that she has to pay a non-victim of the charge defense restitution? That's an unlawful sentence, clear. Right. It's not consistent with the statutes or Supreme Court law, so I could easily see someone thinking, wait, I didn't bargain away that. I never thought I had to pay this victim. That's a violation of stat max. Well, we are, the government's position, it's not a Nope, not in these two, but let's imagine the court had sentenced, said to her, you know what, instead of just the employer you embezzled from, I think I want you to pay this philanthropic society I like. She's stuck with that? He just comes up with that at sentencing? Well, it's a separate question of whether or not it falls within a stat max or whether or not there's another reason to appeal, and in that case, the court would have to look at it closely to determine whether or not the waiver applied in that case. But the only exception is stat max, but it does sound like that condition of probation wouldn't be consistent with the statute. So to me, I see ambiguity, and here we've got other conditions. As Judge Stewart said, what if just out of the blue, the judge had said you can never use the Internet the rest of your life? The government would be here saying stuck with that, even though it has nothing to do with the crime. Is that your position? Because they bargained it away to get the deal? Well, there's other backstops to those on. What's the big backstop? The big backstop is that the defendant can always move to modify, and then the other one is that if there are changed circumstances and the court denies the motion to modify, the defendant can appeal that. You're talking about two years from now, when she gets out. I mean, this is the nature of a waiver. In a prison context, you can argue that the sentence was unreasonable and under a very similar analysis here to 3583D, 3553 is a reasonable analysis, and he waives the right to attack the reasonableness. But at the guilty plea, everyone knows what the prison times are going to be. Those are right there in the code. Everyone knows what the fines are going to be. People even know the guideline range. They have no idea what's going to happen with conditions for probation. That's going to wait until the PSR. So are going to be surprises. There will, at the time of the plea, they're not necessarily like you have a you have notice of what the standard conditions are, and that was one of them here. Um, special condition one was not probably a surprise to her. You can tell I'm probably with you on these conditions. They're pretty predictable. They're standard. I don't frankly see much. We'll hear opposing counsel back up, but I'm very worried about the myriad crazy conditions that get imposed. And if the government's position today here is stuck with it, well, there's, um, there's the backstop of the limitation of what we say the stat max is for supervised release, which is the time length. So that is always a backstop. There's an expiration date for for every condition, and that's a backstop. The other backstop is, and I know you have question it, but they could. In addition, I mean, it's something that you don't even have for a prison sentence, which that you can always seek to modify. You can always seek to challenge it. That's you're not giving up that right with an appeal waiver. So you have these two backstops that are important to the reasonableness of a supervised release condition. Um, in addition, you have the other backstop that if circumstances change, then you have the right to appeal. So there's lots of there's lots of backstops here to protect. We all know the bail to jail problem. They get out. They didn't think it was covered. They get violated, revoked, and they're back in jail again, and life falls apart. And you're saying, Well, they could eventually get an appeal. Maybe you get it one. I'm not sure I'm comfortable saying we could just all kick this the can down the road in another backstop to are there other ones? Is that for unauthorized orders such as like where you're ordering the defendant to pay restitution to someone that's not a victim? Those are cases where the court clearly does not have authority. One, the court is probably more likely to correct itself if notified of that error. Two, it is very questionable that the government would ever stand on its waiver in those circumstances. Three, when the court is acting outside of its authority, clear, clearly outside of the bounds that Congress has provided for it, it is unlikely that that order is going to be like, for example, if you're talking about terms of prison confinement, like the BOP is not going to treat that order as binding, so it's not going to be really effectual anyways for a lot of those circumstances. As Stuart's right, I mean appeal waivers were creatures of the government, and you have huge leverage, and now I think most pleas, they can't even, they're not even permitted to plea unless they waive their rights to appeal. A lot of officers are like that, so it seems to me it's on the government to tailor. If you really don't want any review of probation conditions, why not just put that in explicitly instead of this uncertain phrase stat max? Well, here we felt like we did put it in explicitly. But you don't explicitly say anything about probation conditions. As simple as this includes probation conditions. The way the case law is, and the way the plea agreement is, is that it's the stat max does not include probation conditions, because the maximum penalties for the offense listed the maximum penalty as the term length, not any conditions. So the government believed that the plea agreement was clear as to the conditions don't fall in a stat max. If we get to the employment condition, if I remember the objection at sentencing was she didn't want to disclose. That seems to me a strained reading, but I'm not sure if this district judge imposed any just explained or justified why the probation officer would have veto power, even if she does disclose. Am I right that the employment condition doesn't require her only to disclose it, but it even then additionally gives probation a veto power? That's correct. Did the district court justify that veto power given to a district court say anything at sentencing as to why that's needed? No, because it wasn't given an opportunity. She only objected based on the employer awareness requirement. She voiced no objection to the probation officer approval requirement, so the court was never given an opportunity to address that. We should review that for plain error if we were to. Exactly, yes, and it's not plain error, because there's very good reasons why you would want that additional protection. Because the employer, yes, can be trusted to protect its own interests, but in cases where there are other third-party interests involved, like where she may have access to the personal financial information of others, not the employer, then it's reasonable to have the other backstop, the other check of the probation officer approval. So if the court has no further questions, we ask you to affirm. Thank you. All right, Ma'am, I appreciate it. All right, Mr. Page, you've deserved your rebuttal. Ma'am, please, the court, I don't agree that the challenge to the special sentence in that objection is requiring employer notification, needlessly lumps in employers who opt out with those that do not, and erects unnecessary barriers for Thomas to earn a respectable limit to respectable living That's just preserving in district court the disclosure requirement. I didn't see any objection to the veto power. Well, I mean, it's an objection to the entire condition, and the entire condition imposes both disclosure and a probation veto power, and the objection to all of it is that it imposes unnecessary barriers to employment. Certainly, having probation decide whether or not you were able to work somewhere at all is an unnecessary barrier to employment post-imprisonment. I want to warn the court not to rely on modification as a backstop or a safeguard against unreasonably severe conditions of supervised release. Modification goes through the same judge, and this court held in United States v. Scallon that if the defendant executes a standard waiver, that judge's decision not to decline to modify the conditions of supervised release is subject to the waiver. So there is essentially no safeguard against a wildly unreasonable condition of supervised release under these terms other than the statutory maximum exception, which fortunately fits very well to a challenge to conditions of the severity of conditions of supervised release. 3583d2 is the only and terminal limit about how severe conditions of supervised release may be, and therefore it is the maximum. It defines the maximum of severity that is possible. You're saying if the defendant went back before Judge Godbee, he could just say, King's X, you waived this. Is that what you're saying? If the defendant went back before . . . You know, to complain about the conditions, to get the judge to modify, et cetera. You're saying that Judge Godbee could just say, you waived it, that's in the waiver, as opposed to the judge taking a fresh look at it. Is that what you're saying? The judge could do that. Judge Godbee is not, you know, ordinarily the person we're worried about here, but in this case, we're saying that . . . You must know our law better than I do, but I'm surprised at that. If a motion to modify is covered by an appeal waiver? United States v. Scallon. All right. Well, look at that. That's strange. Yeah. I think, best I can tell, United States v. Scallon says, appears to analogize it to an unauthorized collateral attack. Oh, I see. That's the best reading I can give for it, and . . . You heard my question. Before your time runs out, you may not even agree. You may be with the government, because, of course, one view of appeal waivers, I would say, is they can say you've breached, and they can just charge your client. Am I right, or am I wrong? I'm so glad you asked. I do agree with the government about that, that . . . It binds us. The waivers bind us. Well, there may be a miscarriage exception that comes from somewhere else. This Court hasn't said either way. But I think the assumption that we have been working under is that a waiver of appeal isn't a promise not to appeal. A waiver of appeal is an agreement that we will lose if we are within the terms of the waiver, and it would be fairly terrifying for me to have to say to a client, if we're wrong about the scope of the waiver, then we're going to undo your plea. What about our body of law that says we pretermit the waiver, because we're going to decide the merits? All that case law would be wrong. I don't think that case law would be wrong. It would just be saying that your agreement that you automatically lose under the waiver is not necessarily something that we have to address here, because you would lose otherwise. Okay.  Because it's back to the point. It's a contract between the government and you. Yeah. And we're asking . . . If we choose not to untangle what you didn't clearly define and go to the merits and say, King's X, even if you lose on the merit. I mean, I don't . . . I think we do that fairly nimbly in lots of cases, that we just look past the whole waiver issue and go to the merits and just say, okay, we assume without deciding that you didn't waive it, we look at the merits, you lose. We affirm. And we have lots of per curiam opinions that just say that, don't they? They do. And I don't think there's anything inconsistent about that outcome with the view that I think that we have of the waiver, which is that it determines the outcome on appeal if it is within the waiver. And so, it need not determine the outcome because there's another route to the outcome. That's a perfectly logical explanation for those cases. All right. Well, you got my attention. You don't have to answer this. I specifically said Judge Gott because he's the judge in this case. And then when you said, well, we're not particularly worried about Judge Gott, then that sounds to me like you're trying to make hay beyond this case, but that's why if she wants to hold it, you want us to bake. It sounds to me like it's past what might happen to her with Judge Gott, but you want us to pronounce in two tablets something that's going to cover other judges who may or may not be there. You don't have to respond to that. That's my iteration that I got from what's the deal here. But anyway, there's a reason why we kept the case on for oral argument. It has very interesting issues, as you should be able to tell on it, but we've got your argument and your brief, and we'll look at the cases that you've cited, both of you, here to help us with figuring out the right outcome. So, thank you both for your oral argument. The case will be  All right. We'll call up the second